Dariush G. Adli, SBN 204959
  adli@adlilaw.com
Alyssa Dillard, SBN 301313
  alyssa.dillard@adlilaw.com
ADLI LAW GROUP, PC
444 South Flower St., Suite 3100
Los Angeles, California 90071
Telephone:  (213) 623-6546

Attorneys for Plaintiff
A.C.T. 898 Products, Inc.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| A.C.T. 898 PRODUCTS, INC., a California Corporation,<br><br>*Plaintiff*,<br><br>vs.<br><br>HEADQUARTERS BEAUTY SUPPLIES, INC., a California corporation; Shaleen M. Diep, an individual; and, DOES 1 through 10, inclusive,<br><br>*Defendants*. | Case No:<br><br>**COMPLAINT FOR:**<br><br>1) **FEDERAL TRADEMARK INFRINGEMENT;**<br>2) **FEDERAL UNFAIR COMPETITION;**<br>3) **TRADEMARK DILUTION**<br>4) **CALIFORNIA TRADEMARK INFRINGEMENT**<br>5) **UNFAIR COMPETITION UNDER CAL. BUS. & PROF. CODE § 17200 ET SEQ**<br>6) **TORTIOUS INTERFERENCE WITH ECONOMIC RELATIONS;**<br>7) **IMITATING AND FALSE ADVERTISING;**<br>8) **CONVERSION;**<br>9) **INJUNCTIVE RELIEF**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff A.C.T. 898 PRODUCTS, INC. ("**Plaintiff**" or "**ACT898**") complains and alleges as follows against Defendants HEADQUARTERS BEAUTY SUPPLIES, INC., a California Corporation ("**HBSI**"); SHALEEN M. DIEP, an individual ("**Diep**"); and, DOES 1-10, inclusive (collectively, "**Defendants**").

## I.   NATURE OF THE ACTION

1. This lawsuit arises out of Defendants' infringement of ACT898's intellectual property, specifically its highly successful trademarked line of cosmetic brushes. This is an action for federal and common law trademark infringement, federal and California unfair competition, trademark dilution, tortious interference with economic relations, imitating and false advertising, conversion, and injunctive relief.

## II.   JURISDICTION

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. §1331, for original jurisdiction over federal claims, in that this action arises under a claim for trademark infringement.

3. The Court has supplemental jurisdiction over the claims in this Complaint which arise under state statutory and common law, pursuant to 28 U.S.C. § 1367(a), because the state law claims are so related to the federal claims, that they form part of the same case or controversy, and derive from a common nucleus of operative facts. This action is not a collusive action designed to confer jurisdiction on a court of the United States that it would not otherwise have.

4. This Court has personal jurisdiction over Defendants, by virtue of all Defendants' purposeful contact with this district, including, on information and belief, substantial business conducted with customers residing in this district, and for alleged multiple, intentional counterfeit activity occurring in California.

5. This Court also has personal jurisdiction over the all Defendants, because they have a continuous, systematic, and substantial presence within this judicial district.

6. Upon information and belief, Plaintiff alleges that this Court has personal jurisdiction over the Defendants, because the Defendants also did business in this judicial district, prior to the date of this complaint.

7. Upon information and belief, Plaintiff alleges that this Court has personal jurisdiction over all the Defendants, because the Defendants also took actions which caused effects in this judicial district, such as converting Plaintiff's property, and tortiously interfering with Plaintiff's economic advantage.

8. Venue is proper in this judicial district, pursuant to 28 U.S.C. §§1391(b) and (c), and §§1400 (a) and (b), because Defendants conduct business in this district, HBSI's principal place of business is located in this district and a substantial part of the events giving rise to the causes of action in this complaint occurred in this district.

### III. PARTIES

9. Plaintiff ACT898 is a corporation organized and existing under the laws of the state of California, with its principal place of business in La Puente, California.

10. HBSI is a California corporation with its principal place of business located at 9142 E. Valley Blvd., Rosemead, CA 91170.

11. Upon information and belief, Plaintiff alleges that Defendant Diep is an individual, residing in California, and is an owner, principal, and/or employee of HBSI.

12. Plaintiff is ignorant of the true names and capacities, whether individual, corporate, associate, partnership, or otherwise, of each of the Defendants sued in this complaint as Does 1 through 10, inclusive, and consequently sues those Defendants by those fictitious names. Those unnamed defendants include, but are not limited to: (a) officers and/or directors who acted in concert with Defendants against Plaintiff; (b) other entities affiliated with Defendants that acted in concert with Defendants against Plaintiff; and (c) individuals or entities with whom Defendants acted in concert against Plaintiff.  Plaintiff reserves the right to name those Does as discovery from Defendants reveals their identities.

13. Upon information and belief, Plaintiff alleges that each of the Defendants named in this complaint as a Doe, was and is negligently and/or intentionally responsible in some manner for the occurrences alleged in this complaint, and the injuries and damages suffered by Plaintiff as alleged in this complaint were the direct and proximate result of, and caused by, the acts and omissions of the Defendants.

14. Each of the Defendants are alleged to be co-conspirators with each other Defendant, in that each agreed to participate, and did participate, in the furtherance of the objective of the civil wrongs alleged in this complaint, pursuant to a common scheme, course of action, enterprise and/or conspiracy.

15. To the extent that certain acts and/or omissions were perpetrated by certain Defendants, the remaining respective Defendants confirmed and ratified those acts and/or omissions, as applicable.

16. Whenever and wherever reference is made in this complaint to any act and/or failure to act by a respective Defendant or Defendants, those allegations and reference also mean the acts and/or failures to act of each other respective Defendant, acting individually, jointly, and/or severally, as applicable.

17. Whenever and wherever reference is made to individuals who are not named as Defendants in this complaint, but were employees/agents of one or more Defendants, those individuals acted on behalf of those Defendants, within the scope of their employment/agency.

18. At all times relevant, each respective Defendant was the employer, joint employer, and/or agent of each of the other respective Defendants, as applicable.

19. Upon information and belief, Plaintiff alleges that HBSI is the alter ego of the individual Defendants, and each other, and consequently, Plaintiff may proceed against all such respective Defendants directly, as they are each liable jointly and severally for any and all damages suffered by Plaintiff.

20. Whenever appearing in this complaint, all references to "Defendants" is,

and is intended to be, a reference to all such respective Defendants in this action, and each of them, named and unnamed, including all fictitiously named Defendants.

## IV.   FACTUAL ALLEGATIONS

21. Plaintiff is in the business of manufacturing, distributing, and the wholesale supply of beauty products, including but not limited to, cosmetic brushes and nail brushes, across the U.S. and around the world. Plaintiff has been in this business since 1997. Plaintiff uses several trade names and marks to identify its services and products, specifically including, but not limited to, the "777" mark (the "**Mark**").

22. ACT898 was the first entity to use the Mark in association with its nail and cosmetic products in the U.S., and around the world. As a result of ACT898's widespread usage of the Mark, consumers have come to extensively know, and ACT898 has become identified in the public mind as the provider of, the cosmetic products identified by the Mark.

23. Plaintiff holds and/or controls U.S. trademark registration number 3893221, for the mark "777", for Plaintiff's cosmetic and nail brushes ("**Genuine Product**"). True and correct copies of this trademark registration is attached as Exhibit A to this complaint and incorporated into it by this reference. The Mark has been continually registered since its registration date, and has not been abandoned, canceled, or revoked.

24. The Mark includes the federal registered trademark, as well as the common law rights.

25. On information and belief, HBSI operates an Amazon.com seller account under the name "Q-ITEM."

26. Beginning in or about October 2019, Plaintiff became aware that Defendants were selling nail brushes substantially identical to Plaintiff's, branded with the names/marks "777" (the "**Known Counterfeit Product**"). These sales were taking place on HBSI's "Q-ITEM" seller account on Amazon.com.

ADLI LAW GROUP, P.C.
www.adlilaw.com
(213) 623-6546

27. On or about October 14, 2019, Plaintiff conducted a test buy of the Know Counterfeit Product, via HBSI's "Q-ITEM" Amazon.com seller page. Plaintiff ordered thirteen (13) of Defendants' Known Counterfeit Product.

28. When Plaintiff received the order, the return address label listed the sender as "Q-ITEM" and the return address was identical to Defendants' principal place of business (9142 E. Valley Blvd., Rosemead, CA 91170).

29. The products received by Plaintiff displayed a mark substantially identical to Plaintiff's Mark, but the products were of lower quality than Plaintiff's products.

30. On or about October 29, 2019, Plaintiff sent Defendants a letter demanding, without limitation, that: Defendants immediately cease and desist from any further sales or marketing of the Known Counterfeit Product; Defendants provide Plaintiff with substantiation of from whom they purchased, or otherwise obtained, the Known Counterfeit Product; Defendants recall all Known Counterfeit Product units, and all materials related to them, from sub-distributors and others to whom Defendants had provided Known Counterfeit Product; Defendants provide Plaintiff with any and all documentation in any manner referencing the Known Counterfeit Product, including but not limited to, manufacturing, shipping, sales, factoring and banking records and accountings; turn over to Plaintiff all remaining inventory of the Known Counterfeit Product; and remove or disable all access to the Known Counterfeit Product on its and any third party website, including Amazon.com. A true and correct copy of the cease and desist letter in question is attached as Exhibit B to this complaint and incorporated into it by this reference.

31. On or about November 20, 2019, after receiving no response from Defendants, Plaintiff sent an additional cease and desist letter, delineating the same points. A true and correct copy of the cease and desist letter in question is attached as Exhibit C to this complaint and incorporated into it by this reference.

32. Since at least July 1997, when Plaintiff began using the Mark in

5

1  connection with the Genuine Products, Plaintiff advertised, and marketed the Mark.

2  33. Plaintiff has spent significant amounts of money and resources developing, promoting, and advertising the Mark, so that the public recognizes the goods associated with the Mark, and recognizes the Mark come from Plaintiff.

34. As a result of Plaintiff's widespread use and display of each of the Mark as a distinctive trademark, identifying nail and cosmetic brushes: (a) the public has come to recognize and identify goods bearing the Mark as emanating from Plaintiff; (b) the public recognizes that goods bearing the Mark, constitute high quality, dependable goods that conform to the standards of quality and care created by Plaintiff; and, (c) the Mark has established strong secondary meaning, and extensive goodwill throughout the world among users of these brushes.

35. On information and belief, Defendants knew the Mark was trademarked by Plaintiff. Defendants knew that they have no ownership interest in and/or to the Mark, since their inception.

36. As stated above, Defendants have been using at least one, if not more, trademarks which are identical to, closely similar to, or substantially indistinguishable from, Plaintiff's Mark, to promote and sell nail and cosmetic brushes, without Plaintiff's permission or authorization.

37. Upon information and belief, Plaintiff alleges that Defendants have made the aforementioned uses of its Mark intentionally, with knowledge and deliberate disregard, in order to without limitation, unfairly compete with Plaintiff, confuse the public as to the source of the Known Counterfeit Products, and portray the Known Counterfeit Products as Genuine Products, and not inferior counterfeits of Plaintiff's products.

/ / /
/ / /
/ / /
/ / /

## FIRST CLAIM FOR RELIEF

### (Federal Trademark Infringement and Counterfeiting)

### (15 U.S.C. § 1114)

### (Against All Defendants)

38. Plaintiff repeats and re-alleges the allegations of paragraphs 1-37 of this complaint, as if fully set forth here.

39. This is a claim for trademark infringement and counterfeiting, arising under 15 U.S.C. § 1114.

40. As set forth above, Defendants have repeatedly, and intentionally engaged in acts of direct infringement, by the use of Plaintiff's Mark, on, and in connection with, Known Counterfeit Products, without Plaintiff's consent.

41. As set forth above, Defendants are directly liable for the acts of infringement committed by them.

42. Long after Plaintiff's adoption and use of its Mark, Defendants adopted and used the Mark in commerce, on and in connection with Known Counterfeit Products, without Plaintiff's consent, in a manner that infringes upon Plaintiff's rights in the Mark in violation of 15 U.S.C. § 1114.

43. Defendants' use in commerce of the Mark, in connection with the promotion, marketing, and advertising of Known Counterfeit Products, is likely to cause confusion, or to cause mistake, or to deceive.

44. Upon information and belief, Plaintiff alleges Defendants did so with actual knowledge of Plaintiff's ownership and prior, continuous use of the Mark, and with the intent to unfairly compete with Plaintiff, to trade upon Plaintiff's reputation and goodwill by causing confusion and mistake among customers and the public, and to deceive the public into believing that Defendants' Known Counterfeit Products are associated with, sponsored by, originate from, or are approved by Plaintiff, when they are not.

45. Plaintiff is informed and believes, and thereon alleges, that Defendants'

activities constitute willful and intentional infringement, and counterfeiting of the Mark, directly and/or indirectly, in total disregard of Plaintiff's proprietary rights, and were done despite Defendants' knowledge that the use of the Mark was and is in direct contravention of Plaintiff's rights.

46. Upon information and belief, Plaintiff alleges that Defendants have derived and received, and will continue to derive and receive, gains, profits, and advantages from the use of the Mark, in an amount not presently known to Plaintiff. By reason of the actions of Defendants, constituting unauthorized use of the Mark, Plaintiff has been damaged and is entitled to monetary relief, in an amount to be determined at trial.

47. Due to the actions of Defendants, constituting unauthorized use of the Mark, Plaintiff has suffered, and continues to suffer, great and irreparable injury, for which Plaintiff has no adequate remedy at law.

## SECOND CLAIM FOR RELIEF
## (Federal Unfair Competition & False Designation of Origin)
## (15 U.S.C. § 1125(a))
## (Against All Defendants)

48. Plaintiff repeats and re-alleges the allegations of paragraphs 1-47 of this Complaint, as if fully set forth here.

49. This is a claim for unfair competition and false designation of origin, arising under 15 U.S.C. § 1125(a).

50. As set forth above, Defendants have engaged in acts of direct infringement by the use of Plaintiff's Mark on the Known Counterfeit Products, without Plaintiff's consent.

51. The direct and indirect use of the Mark by Defendants, without Plaintiff's consent, constitutes a false designation of origin, false or misleading description of fact, and/or false or misleading representation of fact, any or all of which is likely to cause confusion, or to cause mistake, and/or to deceive, as to the

affiliation, connection, or association of such person with another person, or as to the origin, sponsorship, or approval of his or her goods or commercial activities by another person, in violation of 15 U.S.C. § 1125(a).

52. The direct and indirect use of the Mark by Defendants, without Plaintiff's consent, also constitutes a false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which in commercial advertising or promotion, misrepresents the nature, characteristics, qualities, or geographic origin of his or her or another person's goods or commercial activities in violation of 15 U.S.C. § 1125(a).

53. This conduct by Defendants is likely to confuse, mislead, and/or deceive customers, and members of the public, as to the origin and authenticity of the Known Counterfeit Products, or cause those persons to believe that Defendants and/or their merchandise and services, have been sponsored, approved, authorized, and/or licensed by Plaintiff, in regards to the Known Counterfeit Products, or that same are in some way affiliated or connected with Plaintiff, when they are not, all in violation of 15 U.S.C. § 1125(a).

54. Upon information and belief, Plaintiff alleges that the actions of Defendants were undertaken willfully, with full knowledge of the falsity of such designation of origin, and false descriptions and/or representations.

55. Upon information and belief, Plaintiff alleges that Defendants have derived and received, and will continue to derive and receive, gains, profits, and advantages from Defendants' false designation of origin, false or misleading statements, descriptions of fact, and/or false or misleading representations of fact, in an amount that is not presently known to Plaintiff.

56. By reason of the Defendants' actions, constituting false designation of origin, false or misleading statements, false or misleading descriptions of fact, and/or false or misleading representations of fact, Plaintiff has been damaged and is entitled to monetary relief, in an amount to be determined at trial.

COMPLAINT OF PLAINTIFF A.C.T. 898 PRODUCTS, INC.

57. Due to Defendants' actions constituting false designation of origin, false or misleading statements, false or misleading description of fact, and/or false or misleading representations of fact, Plaintiff has suffered, and continues to suffer, great and irreparable injury, for which Plaintiff has no adequate remedy at law.

## THIRD CLAIM FOR RELIEF

### (Federal Trademark Dilution)

### (15 U.S.C. § 1125(c))

### (Against All Defendants)

58. Plaintiff repeats and re-alleges the allegations of paragraphs 1-57 of this Complaint, as if fully set forth here.

59. This is a claim for trademark dilution under 15 U.S.C. § 1125(c).

60. The goods and services offered by Plaintiff under the Mark have been widely advertised, promoted, and distributed throughout the United States, and the world.

61. Goods and services offered under the Mark have come to be known to consumers throughout the world, as representing goods and services which are offered by Plaintiff under sound merchandising and customer service conditions. As a result, the Mark, and the goodwill associated with them, are of great value to Plaintiff.

62. By virtue of the wide renown acquired by the Mark, coupled with the national and international distribution, and extensive use of products offered under the Mark, the Mark has become famous.

63. The marks of the Genuine Products and Known Counterfeit Products are so similar that the Known Counterfeit Products impair the distinctiveness of the Genuine Products.

64. Defendants' actions in selling the Known Counterfeit Products were likely to cause dilution by blurring or dilution by tarnishment of the famous mark.

65. Upon information and belief, Plaintiff alleges that the actions of

1  Defendants were done willfully, with the intent to exploit Plaintiff's reputation, and
2  to dilute the Mark.

3      66.    By reason of Defendants' actions, which constitute trademark dilution,
4  Plaintiff has been damaged and is entitled to monetary relief, in an amount to be
5  determined at trial.

6      67.    Due to the Defendants' actions, which constitutes trademark dilution,
7  Plaintiff has suffered, and continues to suffer, great and irreparable injury, for which
8  Plaintiff has no adequate remedy at law.

## FOURTH CLAIM FOR RELIEF

## (California Common Law Trademark Infringement)

## (Against All Defendants)

12      68.    Plaintiff repeats and re-alleges the allegations of paragraphs 1-67 of this
13  Complaint as if fully set forth here.

14      69.    This is a claim for trademark infringement, arising under California
15  common law.

16      70.    The Defendants' acts complained of in this complaint, constitute
17  trademark infringement under California common law. Upon information and belief,
18  Plaintiff alleges that Defendants' acts complained of in this complaint, are willful and
19  deliberate, and committed with knowledge that the unauthorized use of the Mark by
20  Defendants causes a likelihood of confusion.

21      71.    Upon information and belief, Plaintiff alleges that Defendants have
22  derived and received, and will continue to derive and receive, gains, profits and
23  advantages from their trademark infringement, in an amount not presently known to
24  Plaintiff. By reason of Defendants' wrongful acts, as alleged in this complaint,
25  Plaintiff has been damaged, and is entitled to monetary relief, in an amount to be
26  determined at trial.

27      72.    Due to Defendants' trademark infringement, Plaintiff has suffered, and
28  continues to suffer, great and irreparable injury, for which Plaintiff has no adequate

11
COMPLAINT OF PLAINTIFF A.C.T. 898 PRODUCTS, INC.
1013.213

remedy at law.

73. The willful acts of trademark infringement perpetrated by Defendants under California common law constitute fraud, oppression, and malice. Accordingly, Plaintiff is entitled to exemplary damages.

## FIFTH CLAIM FOR RELIEF
## (California Unfair Competition)
## (Against All Defendants)

74. Plaintiff repeats and re-alleges the allegations of paragraphs 1-73 of this Complaint, as if set forth fully here.

75. This is a claim for unfair competition, arising under California Business & Professions Code § 17200, et seq.

76. Defendants' acts of trademark infringement, false designation of origin, and trademark dilution complained of in this complaint, constitute unfair competition with Plaintiff, under the laws of the State of California, particularly California Business & Professions Code § 17200 et seq.

77. Upon information and belief, Plaintiff alleges that Defendants have derived and received, and will continue to derive and receive, gains, profits, and advantages, from Defendants' unfair competition, in an amount that is not presently known to Plaintiff. By reason of Defendants' wrongful acts of unfair competition, as alleged in this complaint, Plaintiff has been damaged, and is entitled to monetary relief in an amount to be determined at trial.

78. By their actions, Defendants have irreparably injured and violated, and continue to irreparably injure and violate, the rights of Plaintiff, and such irreparable injury will continue, unless Defendants are enjoined by this Court.

## SIXTH CLAIM FOR RELIEF
## (Tortious Interference with Economic Relations)
## (Against All Defendants)

79. Plaintiff repeats and re-alleges the allegations of paragraphs 1-78 of this

complaint as if fully set forth here.

80. This is a claim for tortious interference with prospective economic relations, under California law.

81. As stated above, Defendants had knowledge of, and were familiar with, Plaintiff and the Mark. Upon information and belief, Plaintiff alleges that Defendants have derived and received, and will continue to derive and receive, gains, profits, and advantages, from these activities including without limitation, by interfering with Plaintiff's exclusive right to sell and license their products branded with the Mark, to existing and new customers.

82. Upon information and belief, Plaintiff alleges that Defendants misrepresented the Known Counterfeit Products as Genuine Products bearing the Mark; and, to obtain customers for the Known Counterfeit Products, which customers would have otherwise obtained the Genuine Products bearing the Mark, from Plaintiff.

83. As a proximate result of Defendants' actions, Plaintiff has suffered and will continue to suffer damages to its business, reputation and good will. In addition, Plaintiff has and will incur loss of revenues and profits, which would not have occurred in the absence of Defendants' wrongful conduct.

84. By reason of Defendants' wrongful acts of tortious interference with prospective economic relations, Plaintiff has been damaged, and is entitled to monetary relief in an amount to be determined at trial.

85. Due to Defendants' wrongful actions, which constitute tortious interference with prospective economic relations, Plaintiff has suffered, and continues to suffer, great and irreparable injury, for which Plaintiff has no adequate remedy at law.

/ / /

/ / /

/ / /

## SEVENTH CLAIM FOR RELIEF

**(Trademark Infringement by Imitating and False Advertising)**

**(15 U.S.C. § 1114(a) and (b))**

**(Against All Defendants)**

86. Plaintiff repeats and re-alleges the allegations of paragraphs 1-85 of this Complaint, as if set fully set forth here.

87. This is a claim for trademark infringement by imitating, and false advertising arising under 15 U.S.C. § 1114(a) and (b).

88. As set forth above, Defendants have engaged in acts of intentional and direct infringement, by the use of Plaintiff's Mark on and in connection with the Known Counterfeit Products, without Plaintiff's consent.

89. As set forth above, Defendants are directly liable for the direct acts of infringement committed by them.

90. Upon information and belief, long after Plaintiff's adoption and use of the Mark, Defendants used in commerce, and continue to use in commerce, the Mark, in a manner that infringes upon Plaintiff's rights in the Mark, in violation of 15 U.S.C. § 1114(a).

91. Without Plaintiff's consent, Defendants' use of the Mark in commerce, in connection with the promotion, marketing, advertising of the Known Counterfeit Products, is likely to cause confusion, or to cause mistake, or to deceive.

92. Upon information and belief, Plaintiff alleges that Defendants did so with actual knowledge of Plaintiff's ownership and prior use of the Mark, and with the intent to unfairly compete with Plaintiff, to trade upon Plaintiff's reputation and goodwill, by causing confusion and mistake among customers and the public, and to deceive the public into believing that the Known Counterfeit Products are associated with, sponsored by, originate from, or are approved by, Plaintiff, when they are not.

93. Upon information and belief, Plaintiff alleges that Defendants acted willfully and intentionally to infringe the Mark, directly and/or indirectly, in total

disregard of Plaintiff's proprietary rights, and did so despite Defendants' knowledge that the use of the Mark was and is in direct contravention of Plaintiff's rights.

94. Upon information and belief, Plaintiff alleges that Defendants have derived and received, and will continue to derive and receive, gains, profits, and advantages from the use of the Mark, in an amount that is not presently known to Plaintiff. By reason of these actions of Defendants, constituting unauthorized use of the Mark, Plaintiff has been damaged and is entitled to monetary relief in an amount to be determined at trial.

95. Due to these actions of Defendants constituting unauthorized use of the Mark, Plaintiff has suffered, and continues to suffer, great and irreparable injury, for which Plaintiff has no adequate remedy at law.

## EIGHTH CLAIM FOR RELIEF
### (Conversion)
### (Against All Defendants)

96. Plaintiff repeats and re-alleges allegations 1 through 95 of this complaint, as if fully set forth here.

97. This is a claim for conversion under California law.

98. Plaintiff owns the Mark associated with the Genuine Products, as outlined herein.

99. Plaintiff has a property right to profits stemming from the use of such Mark in commerce.

100. Defendants wrongfully dispossessed Plaintiffs of that right each time they sold products bearing a substantially similar Mark, without remitting any profits to Plaintiff.

101. On November 27, 2017, Plaintiff, through its attorneys, made a demand on Defendants to remit to Plaintiffs the Known Counterfeit Products, to which Defendants did not respond.

102. Plaintiff has been damaged, in an amount to be determined by proof at

COMPLAINT OF PLAINTIFF A.C.T. 898 PRODUCTS, INC.

trial, each time Defendants sold a Known Counterfeit Product.

## NINTH CLAIM FOR RELIEF

### (Injunctive Relief)

### (Against All Defendants)

103. Plaintiff repeats and re-alleges allegations 1 through 108 of this complaint, as if fully set forth here.

104. This is a claim for injunctive relief, pursuant to 15 U.S.C. § 1116(a).

105. The Lanham Act provides that a court may grant injunctive relief in favor of a trademark owner, to prevent further acts of infringement.

106. Upon information and belief, Plaintiff alleges that Defendants continue to benefit from their trademark infringement.

107. Upon information and belief Defendants' ongoing use of Plaintiff's Mark, unless and until enjoined and restrained by order of this Court, will cause, and continue to cause, grave and irreparable injury to Plaintiff.

108. Plaintiff has no adequate remedy at law for the ongoing conduct, in that it would be impossible for Plaintiff to determine the precise amount of damage Plaintiff will suffer if Defendants' conduct is not restrained, and Plaintiff will be deprived of sales and customers, which cannot be compensated in damages.

109. Defendants committed, and on information and belief, will continue to commit, acts of infringement for their personal and/or business benefit, all to the detriment of the Plaintiff.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays for judgment in its favor against Defendants, for the following relief:

A. A preliminary and permanent injunction against all Defendants, and all persons, firms, or corporations in active concert or participation with Defendants, enjoining them from engaging in the following activities and from assisting or inducing, directly or indirectly, others to engage in using the

1 Plaintiff's Mark in any way or manner;

2 B. That Defendants be required to account for any and all profits derived by their acts of infringement;

3

4 C. That the acts of infringement of Defendants be found to be willful, that this be found to be an exceptional case, and that Plaintiff be entitled to enhanced damages including without limitation, their attorneys' fees, pursuant to 17 U.S.C. § 505, and costs;

D. That Plaintiff be awarded damages for the trademark infringement of Defendants, in the form of either: (i) Defendants' profits, damages sustained by Plaintiff, and the costs of the action; or (ii) statutory damages pursuant to 17 U.S.C. § 504(a)(2), at Plaintiff's election before the entry of a final judgment;

E. That Plaintiff be awarded damages for unfair competition, pursuant to California Business & Professions Code § 17200 et seq, and § 17500;

F. An award of pre-judgment and post-judgment interest and costs of this action against Defendants; and,

Such other and further relief as this Court may decide is just.

Respectfully submitted,

ADLI LAW GROUP, P.C.

Dated: December 20, 2019      By  /s/ Dariush Adli
                                   Dariush Adli
                                   Alyssa Dillard
                                   Attorneys for Plaintiff
                                   A.C.T. 898 Products, Inc.

# **DEMAND FOR JURY TRIAL**

Plaintiff A.C.T. 898 PRODUCTS, INC. demands a trial by jury on all triable claims.

                                ADLI LAW GROUP, P.C.

Dated: December 20, 2019      By  /s/ Dariush Adli
                                              Dariush Adli
                                              Alyssa Dillard
                                              Attorneys for Plaintiff
                                              A.C.T. 898 Products, Inc.

ADLI LAW GROUP, P.C.
www.adlilaw.com
(213) 623-6546