GRANT, GENOVESE & BARATTA, LLP
2030 Main Street, Suite 1600
Irvine, CA  92614
Telephone:   (949) 660-1600
Facsimile:   (949) 660-6060
6602-1092
James M. Baratta (SBN 54890)
Jason S. Roberts (SBN 221978)
Amanda C. Lewis (SBN 323141)
Email: jsr@ggb-law.com

Attorneys for Defendants HEADQUARTERS BEAUTY SUPPLIES, INC. and
SHALEEN M. DIEP

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| A.C.T. 898 PRODUCTS, INC., a California Corporation,<br><br>        Plaintiff,<br><br>    vs.<br><br>HEADQUARTERS BEAUTY SUPPLIES, INC., a California corporation; Shaleen M. Diep, an individual; and, DOES 1 through 10, inclusive<br><br>        Defendants. | Case No.  2:19-cv-10803-MWF-GJS<br><br>Assigned to: Hon. Michael W. Fitzgerald<br><br>**DEFENDANTS HEADQUARTERS BEAUTY SUPPLIES, INC. AND SHALEEN M. DIEP'S ANSWER TO PLAINTIFF'S COMPLAINT; DEMAND FOR JURY TRIAL**<br><br>Complaint filed: December 20, 2019 |

        COMES NOW Defendants HEADQUARTERS BEAUTY SUPPLIES, INC., and SHALEEN M. DIEP ("Defendants") and hereby submit this Answer to the Complaint filed by Plaintiff A.C.T. 898 PRODUCTS, INC. ("ACT" or "Plaintiff") on December 20, 2019 (the "Complaint"). Defendants deny each and every allegation of the Complaint except for those allegations expressly admitted below. Defendants answer the Complaint as follows:

1

**NATURE OF THE ACTION**

1.      In answer to paragraph 1 of Plaintiff's Complaint, Defendants admit that Plaintiff's Complaint contains claims for federal and common law trademark infringement, federal and California unfair competition, trademark dilution, tortious interference with economic relations, imitating and false advertising, conversion, and injunctive relief.  Defendants deny any of the alleged wrongful conduct, including infringement of ACT's intellectual property.

**JURISDICTION**

2.      In answer to paragraph 2 of Plaintiff's Complaint, Defendants admit that this Court had subject matter jurisdiction over Plaintiff's trademark infringement claims.

3.      In answer to paragraph 3 of Plaintiff's Complaint, Defendants admit that this Court has supplemental jurisdiction over Plaintiff's state statutory and common law claims.

4.      In answer to paragraph 4 of Plaintiff's Complaint, Defendants admit that this Court has personal jurisdiction over Defendants. Defendants deny any of the alleged wrongful conduct, including intentional counterfeit activity occurring in California.

5.      In answer to paragraph 5 of Plaintiff's Complaint, Defendants admit that this Court has personal jurisdiction over Defendants.

6.      In answer to paragraph 6 of Plaintiff's Complaint, Defendants admit that this Court has personal jurisdiction over Defendants.

7.      In answer to paragraph 7 of Plaintiff's Complaint, Defendants admit that this Court has personal jurisdiction over Defendants. Defendants deny any of the alleged wrongful conduct, including converting Plaintiff's property and tortuously interfering with Plaintiff's economic advantage.

8.      In answer to paragraph 8 of Plaintiff's Complaint, Defendants admit that venue is proper in this Court. Defendants deny the balance of the allegations in this

paragraph including that any wrongful acts occurred which give rise to Plaintiff's causes of action.

**PARTIES**

9.     In answer to paragraph 9 of Plaintiff's Complaint, Defendants are without sufficient knowledge concerning the allegations contained in this paragraph and therefore deny the same.

10.     In answer to paragraph 10 of Plaintiff's Complaint, Defendants admit that Headquarters Beauty Supplies, Inc. ("HBSI") is a California corporation doing business in the City of Rosemead, California.

11.     In answer to paragraph 11 of Plaintiff's Complaint, Defendants admit that Shaleen M. Diep is an individual and an officer of HBSI residing in California.

12.     In answer to paragraph 12 of Plaintiff's Complaint, Defendants are without sufficient knowledge concerning the allegations contained in this paragraph and therefore deny the same.

13.     In answer to paragraph 13 of Plaintiff's Complaint, Defendants are without sufficient knowledge concerning the allegations contained in this paragraph and therefore deny the same.

14.     In answer to paragraph 14 of Plaintiff's Complaint, Defendants are without sufficient knowledge concerning the allegations contained in this paragraph and therefore deny the same. Defendants deny any of the alleged wrongful conduct, including any civil wrongs as alleged in the Complaint, pursuant to a common scheme, course of action, enterprise and/or conspiracy.

15.     In answer to paragraph 15 of Plaintiff's Complaint, Defendants generally and specifically deny each and every allegation contained therein.

16.     In answer to paragraph 16 of Plaintiff's Complaint, Defendants generally and specifically deny each and every allegation contained therein.

ANSWER TO COMPLAINT

17.     In answer to paragraph 17 of Plaintiff's Complaint, Defendants generally and specifically deny each and every allegation contained therein.

18.     In answer to paragraph 18 of Plaintiff's Complaint, Defendants generally and specifically deny each and every allegation contained therein.

19.      In answer to paragraph 19 of Plaintiff's Complaint, Defendants generally and specifically deny each and every allegation contained therein.

20.     In answer to paragraph 20 of Plaintiff's Complaint, Defendants are without sufficient knowledge concerning the allegations contained in this paragraph and therefore deny the same. Defendants deny any of the alleged wrongful conduct.

## **FACTUAL ALLEGATIONS**

21.     In answer to paragraph 21 of Plaintiff's Complaint, Defendants are without information or belief to either admit or deny the allegations contained therein, and based upon said Defendants' lack of information and belief, deny each and every allegation contained therein.

22.     In answer to paragraph 22 of Plaintiff's Complaint, Defendants are without information or belief to either admit or deny the allegations contained therein, and based upon said Defendants' lack of information and belief, deny each and every allegation contained therein.

23.     In answer to paragraph 23 of Plaintiff's Complaint, Defendants are without information or belief to either admit or deny the allegations contained therein, and based upon said Defendants' lack of information and belief, deny each and every allegation contained therein.

24.     In answer to paragraph 24 of Plaintiff's Complaint, Defendants are without information or belief to either admit or deny the allegations contained therein, and based upon said Defendants' lack of information and belief, deny each and every allegation contained therein.

25.     In answer to paragraph 25 of Plaintiff's Complaint, Defendants admit that HBSI operates under the name "Q-ITEM" on Amazon.com.

26.     In answer to paragraph 26 of Plaintiff's Complaint, Defendants are without information or belief to either admit or deny the allegations contained therein, and based upon said Defendants' lack of information and belief, deny each and every allegation contained therein.

27.     In answer to paragraph 27 of Plaintiff's Complaint, Defendants are without information or belief to either admit or deny the allegations contained therein, and based upon said Defendants' lack of information and belief, deny each and every allegation contained therein.

28.     In answer to paragraph 28 of Plaintiff's Complaint, Defendants are without information or belief to either admit or deny the allegations contained therein, and based upon said Defendants' lack of information and belief, deny each and every allegation contained therein.

29.     In answer to paragraph 29 of Plaintiff's Complaint, Defendants are without information or belief to either admit or deny the allegations contained therein, and based upon said Defendants' lack of information and belief, deny each and every allegation contained therein.

30.     In answer to paragraph 30 of Plaintiff's Complaint, Defendants admit they received a cease and desist letter from Plaintiff directed to HBSI dated October 29, 2019. Defendants deny the balance of the allegations in this paragraph, including that Defendants sold or marketed counterfeit and/or infringing products.

31.     In answer to paragraph 31 of Plaintiff's Complaint, Defendants admit they received a cease and desist letter from Plaintiff directed to HBSI dated November 20, 2019. Defendants deny the balance of the allegations in this paragraph, including that Defendants sold or marketed counterfeit and/or infringing products.

32.     In answer to paragraph 32 of Plaintiff's Complaint, Defendants are without information or belief to either admit or deny the allegations contained therein, and based

upon said Defendants' lack of information and belief, deny each and every allegation contained therein.

33.     In answer to paragraph 33 of Plaintiff's Complaint, Defendants are without information or belief to either admit or deny the allegations contained therein, and based upon said Defendants' lack of information and belief, deny each and every allegation contained therein.

34.     In answer to paragraph 34 of Plaintiff's Complaint, Defendants are without information or belief to either admit or deny the allegations contained therein, and based upon said Defendants' lack of information and belief, deny each and every allegation contained therein.

35.     In answer to paragraph 35 of Plaintiff's Complaint, Defendants generally and specifically deny each and every allegation contained therein.

36.     In answer to paragraph 36 of Plaintiff's Complaint, Defendants generally and specifically deny each and every allegation contained therein.

37.     In answer to paragraph 37 of Plaintiff's Complaint, Defendants generally and specifically deny each and every allegation contained therein.

## FIRST CLAIM FOR RELIEF

### (Trademark Infringement and Counterfeiting, 15 U.S.C. §1114)

38.     In answer to paragraph 38 of Plaintiff's Complaint, Defendants incorporate each and every admission, denial, allegation and other response by Defendants contained in Paragraphs 1 through 37 above as if fully set forth herein.

39.     In answer to paragraph 39 of Plaintiff's Complaint, Defendants admit that Plaintiff asserts a claim for trademark infringement and counterfeiting, arising under 15 U.S.C. § 1114.

40.     In answer to paragraph 40 of Plaintiff's Complaint, Defendants generally and specifically deny each and every allegation contained therein.

41.     In answer to paragraph 41 of Plaintiff's Complaint, Defendants generally and specifically deny each and every allegation contained therein.

42.     In answer to paragraph 42 of Plaintiff's Complaint, Defendants generally and specifically deny each and every allegation contained therein.

43.     In answer to paragraph 43 of Plaintiff's Complaint, Defendants generally and specifically deny each and every allegation contained therein.

44.     In answer to paragraph 44 of Plaintiff's Complaint, Defendants generally and specifically deny each and every allegation contained therein.

45.     In answer to paragraph 45 of Plaintiff's Complaint, Defendants generally and specifically deny each and every allegation contained therein.

46.     In answer to paragraph 46 of Plaintiff's Complaint, Defendants generally and specifically deny each and every allegation contained therein.

47.     In answer to paragraph 47 of Plaintiff's Complaint, Defendants generally and specifically deny each and every allegation contained therein.

## SECOND CLAIM FOR RELIEF

### (Unfair Competition & False Designation of Origin, 15 U.S.C. § 1125(a))

48.     In answer to paragraph 48 of Plaintiff's Complaint, Defendants incorporate each and every admission, denial, allegation and other response by Defendant contained in Paragraphs 1 through 47 above as if fully set forth herein.

49.     In answer to paragraph 49 of Plaintiff's Complaint, Defendants admit that Plaintiff asserts a claim for unfair competition and false designation of origin, arising under 15 U.S.C. § 1125(a).

50.     In answer to paragraph 50 of Plaintiff's Complaint, Defendants generally and specifically deny each and every allegation contained therein.

51.     In answer to paragraph 51 of Plaintiff's Complaint, Defendants generally and specifically deny each and every allegation contained therein.

52.     In answer to paragraph 52 of Plaintiff's Complaint, Defendants generally and specifically deny each and every allegation contained therein.

53.     In answer to paragraph 53 of Plaintiff's Complaint, Defendants generally and specifically deny each and every allegation contained therein.

54.     In answer to paragraph 54 of Plaintiff's Complaint, Defendants generally and specifically deny each and every allegation contained therein.

55.     In answer to paragraph 55 of Plaintiff's Complaint, Defendants generally and specifically deny each and every allegation contained therein.

56.     In answer to paragraph 56 of Plaintiff's Complaint, Defendants generally and specifically deny each and every allegation contained therein.

57.     In answer to paragraph 57 of Plaintiff's Complaint, Defendants generally and specifically deny each and every allegation contained therein.

## THIRD CLAIM FOR RELIEF

### (Trademark Dilution 15 U.S.C. § 1125(c))

58.     In answer to paragraph 58 of Plaintiff's Complaint, Defendants incorporate each and every admission, denial, allegation and other response by Defendant contained in Paragraphs 1 through 57 above as if fully set forth herein.

59.     In answer to paragraph 59 of Plaintiff's Complaint, Defendants admit that Plaintiff asserts a claim for trademark dilution under 15 U.S.C. § 1125(c).

60.     In answer to paragraph 60 of Plaintiff's Complaint, Defendants are without information or belief to either admit or deny the allegations contained therein, and based upon said Defendants' lack of information and belief, deny each and every allegation contained therein.

61.     In answer to paragraph 61 of Plaintiff's Complaint, Defendants are without information or belief to either admit or deny the allegations contained therein, and based upon said Defendants' lack of information and belief, deny each and every allegation contained therein.

62.    In answer to paragraph 62 of Plaintiff's Complaint, Defendants are without information or belief to either admit or deny the allegations contained therein, and based upon said Defendants' lack of information and belief, deny each and every allegation contained therein.

63.    In answer to paragraph 63 of Plaintiff's Complaint, Defendants are without information or belief to either admit or deny the allegations contained therein, and based upon said Defendants' lack of information and belief, deny each and every allegation contained therein. Defendants deny any of the alleged wrongful conduct, including use of any known counterfeit and/or infringing marks.

64.    In answer to paragraph 64 of Plaintiff's Complaint, Defendants generally and specifically deny each and every allegation contained therein. Defendants deny any of the alleged wrongful conduct, including selling any known counterfeit and/or infringing products.

65.    In answer to paragraph 65 of Plaintiff's Complaint, Defendants generally and specifically deny each and every allegation contained therein.

66.    In answer to paragraph 66 of Plaintiff's Complaint, Defendants generally and specifically deny each and every allegation contained therein.

67.    In answer to paragraph 67 of Plaintiff's Complaint, Defendants generally and specifically deny each and every allegation contained therein.

## FOURTH CLAIM FOR RELIEF
### (Common Law Trademark Infringement)

68.    In answer to paragraph 68 of Plaintiff's Complaint, Defendants incorporate each and every admission, denial, allegation and other response by Defendant contained in Paragraphs 1 through 67 above as if fully set forth herein.

69.    In answer to paragraph 69 of Plaintiff's Complaint, Defendants admit that Plaintiff asserts a claim for trademark infringement, arising under California law.

70.     In answer to paragraph 70 of Plaintiff's Complaint, Defendants generally and specifically deny each and every allegation contained therein.

71.     In answer to paragraph 71 of Plaintiff's Complaint, Defendants generally and specifically deny each and every allegation contained therein.

72.     In answer to paragraph 72 of Plaintiff's Complaint, Defendants generally and specifically deny each and every allegation contained therein.

73.     In answer to paragraph 73 of Plaintiff's Complaint, Defendants generally and specifically deny each and every allegation contained therein.

## <u>FIFTH CLAIM FOR RELIEF</u>
### **(California Unfair Competition)**

74.     In answer to paragraph 74 of Plaintiff's Complaint, Defendants incorporate each and every admission, denial, allegation and other response by Defendants contained in Paragraphs 1 through 73 above as if fully set forth herein.

75.     In answer to paragraph 75 of Plaintiff's Complaint, Defendants admit that Plaintiff asserts a claim for unfair competition, arising under California Business & Professions Code § 17200 et seq.

76.     In answer to paragraph 76 of Plaintiff's Complaint, Defendants generally and specifically deny each and every allegation contained therein.

77.     In answer to paragraph 77 of Plaintiff's Complaint, Defendants generally and specifically deny each and every allegation contained therein.

78.     In answer to paragraph 78 of Plaintiff's Complaint, Defendants generally and specifically deny each and every allegation contained therein.

ANSWER TO COMPLAINT

## SIXTH CLAIM FOR RELIEF

### (Tortious Interference with Economic Relations)

79.   In answer to paragraph 79 of Plaintiff's Complaint, Defendants incorporate each and every admission, denial, allegation and other response by Defendants contained in Paragraphs 1 through 78 above as if fully set forth herein.

80.   In answer to paragraph 80 of Plaintiff's Complaint, Defendants admit that Plaintiff asserts a claim for tortious interference with prospective economic relations, under California law.

81.   In answer to paragraph 81 of Plaintiff's Complaint, Defendants generally and specifically deny each and every allegation contained therein.

82.   In answer to paragraph 82 of Plaintiff's Complaint, Defendants generally and specifically deny each and every allegation contained therein.

83.   In answer to paragraph 83 of Plaintiff's Complaint, Defendants generally and specifically deny each and every allegation contained therein.

84.   In answer to paragraph 84 of Plaintiff's Complaint, Defendants generally and specifically deny each and every allegation contained therein.

85.   In answer to paragraph 85 of Plaintiff's Complaint, Defendants generally and specifically deny each and every allegation contained therein.

## SEVENTH CLAIM FOR RELIEF

### (Trademark Infringement by Imitating and False Advertising)

86.   In answer to paragraph 86 of Plaintiff's Complaint, Defendants incorporate each and every admission, denial, allegation and other response by Defendants contained in Paragraphs 1 through 85 above as if fully set forth herein.

87.   In answer to paragraph 87 of Plaintiff's Complaint, Defendant admits that Plaintiff asserts a claim for trademark infringement by imitating and false advertising arising under U.S.C. § 1114(a) and (b).

88.     In answer to paragraph 88 of Plaintiff's Complaint, Defendants generally and specifically deny each and every allegation contained therein.

89.     In answer to paragraph 89 of Plaintiff's Complaint, Defendants generally and specifically deny each and every allegation contained therein.

90.     In answer to paragraph 90 of Plaintiff's Complaint, Defendants generally and specifically deny each and every allegation contained therein.

91.     In answer to paragraph 91 of Plaintiff's Complaint, Defendants generally and specifically deny each and every allegation contained therein.

92.     In answer to paragraph 92 of Plaintiff's Complaint, Defendants generally and specifically deny each and every allegation contained therein.

93.     In answer to paragraph 93 of Plaintiff's Complaint, Defendants generally and specifically deny each and every allegation contained therein.

94.     In answer to paragraph 94 of Plaintiff's Complaint, Defendants generally and specifically deny each and every allegation contained therein.

95.     In answer to paragraph 95 of Plaintiff's Complaint, Defendants generally and specifically deny each and every allegation contained therein.

## **EIGHTH CLAIM FOR RELIEF**

### **(Conversion)**

96.     In answer to paragraph 96 of Plaintiff's Complaint, Defendants incorporate each and every admission, denial, allegation and other response by Defendants contained in Paragraphs 1 through 95 above as if fully set forth herein.

97.     In answer to paragraph 97 of Plaintiff's Complaint, Defendants admit that Plaintiff asserts a claim for conversion under California law.

98.     In answer to paragraph 98 of Plaintiff's Complaint, Defendants are without information or belief to either admit or deny the allegations contained therein, and based upon said Defendants' lack of information and belief, deny each and every allegation contained therein.

ANSWER TO COMPLAINT

99.     In answer to paragraph 99 of Plaintiff's Complaint, Defendants are without information or belief to either admit or deny the allegations contained therein, and based upon said Defendants' lack of information and belief, deny each and every allegation contained therein.

100.    In answer to paragraph 100 of Plaintiff's Complaint, Defendants generally and specifically deny each and every allegation contained therein.

101.    In answer to paragraph 101 of Plaintiff's Complaint, Defendants generally and specifically deny each and every allegation contained therein. Defendants deny that they received a demand from Plaintiff dated November 27, 2017.

102.    In answer to paragraph 102 of Plaintiff's Complaint, Defendants generally and specifically deny each and every allegation contained therein.

## NINTH CLAIM FOR RELIEF

### (Injunctive Relief)

103.    In answer to paragraph 103 of Plaintiff's Complaint, Defendants incorporate each and every admission, denial, allegation and other response by Defendants contained in Paragraphs 1 through 102 above as if fully set forth herein.

104.    In answer to paragraph 104 of Plaintiff's Complaint, Defendants admit that Plaintiff asserts a claim for injunctive relief.

105.    In answer to paragraph 105 of Plaintiff's Complaint, Defendants admit that injunctive relief is a remedy under the Lanham Act.

106.    In answer to paragraph 106 of Plaintiff's Complaint, Defendants generally and specifically deny each and every allegation contained therein.

107.    In answer to paragraph 107 of Plaintiff's Complaint, Defendants generally and specifically deny each and every allegation contained therein.

108.    In answer to paragraph 108 of Plaintiff's Complaint, Defendants generally and specifically deny each and every allegation contained therein.

109.   In answer to paragraph 109 of Plaintiff's Complaint, Defendants generally and specifically deny each and every allegation contained therein. Defendants deny any of the alleged wrongful conduct, including committing acts of infringement for their personal and/or business benefit.

## PLAINTIFF'S PRAYER FOR RELIEF - GENERAL DENIAL

110.   Defendants deny all allegations contained in Plaintiff's Complaint except those allegations expressly admitted above and further denies that Plaintiff is entitled to any of the relief sought in its Complaint or in its prayer for relief.

## DEFENDANTS' AFFIRMATIVE DEFENSES

111.   Defendants assert the following affirmative defenses:

### First Affirmative Defense

112.   Plaintiff's Complaint fails to state a claim upon which relief may be granted.

### Second Affirmative Defense

113.   Defendants do not infringe, have not infringed and are not liable for infringement of any valid trademark rights of Plaintiff related to U.S. Trademark Registration number 3893221 ("777 Mark") at issue in Plaintiff's Complaint.

### Third Affirmative Defense

114.   Defendants do not infringe, have not infringed and are not liable for infringement of any valid and enforceable trademark rights of Plaintiff related to the products identified in Plaintiff's Complaint.

### Fourth Affirmative Defense

115.   Plaintiff's state law claims of unfair competition and trademark infringement are preempted by federal trademark laws.

### Fifth Affirmative Defense

116.   Plaintiff's claims are barred by the doctrine of waiver, consent, estoppel, and/or acquiescence.

### Sixth Affirmative Defense

117.   Plaintiff's claims are limited or barred by the doctrine of unclean hands.

### Seventh Affirmative Defense

118.   Plaintiff's claims are limited or barred by the applicable statutes of limitation.

### Eighth Affirmative Defense

119.   Plaintiff's claims are limited or barred by the doctrines of fair use, implied consent, nominative fair use and/or descriptive use.

### Ninth Affirmative Defense

120.   Plaintiff's prayer for injunctive relief is barred because Plaintiff cannot show that it will suffer any irreparable harm from Defendants' actions.

### Tenth Affirmative Defense

121.   The alleged injury or damage suffered by Plaintiff, if any, would be adequately compensated by damages; accordingly, Plaintiff has a complete and adequate remedy at law and is not entitled to seek equitable relief.

## Eleventh Affirmative Defense

122.   Without admitting any truth of the allegations contained in the Complaint, any remedy claimed by Plaintiff is limited to the extent that the claims are overlapping or request duplicative recovery pursuant to the various claims against Defendants.

## Twelfth Affirmative Defense

123.   Without admitting any truth to the allegations contained in the Complaint, Defendants contend that there has been no damage in any amount, manner or at all by reason of any alleged acts by Defendants.

## Thirteenth Affirmative Defense

124.   Defendants are not liable for punitive or exemplary damages because neither Defendant nor its officers, directors or managing agents acted intentionally or willfully to commit any infringing acts.

## Fourteenth Affirmative Defense

125.   The claims made in the Complaint are barred, in whole or in part, because any infringement, if any, was innocent.

## Fifteenth Affirmative Defense

126.   Defendants allege that the intellectual property rights alleged to exist in the Complaint are invalid and/or are unenforceable because Plaintiff lacks valid trademarks for the rights asserted or has not properly or timely trademarked its products.

## Sixteenth Affirmative Defense

127.   Plaintiff's claims are barred in part because Defendants' conduct was in good faith and non-willful intent, at all times.

### Seventeenth Affirmative Defense

128.   Plaintiff has not alleged facts, and Defendants have not engaged in the type of conduct, which would entitle Plaintiff to an award of punitive damages, statutory fees, attorneys' fees or costs against Defendants.

### Eighteenth Affirmative Defense

129.   Defendants allege that Plaintiff has suffered no damages and/or the damages claimed by Plaintiff are speculative and not recoverable.

### Nineteenth Affirmative Defense

130.   Plaintiff's damages, if any, are due in whole or in part to the proximate contributory and comparative fault of one or more third parties and that liability of the Defendants, which liability is specifically denied, should be reduced or barred in proportion to said fault.

### Twentieth Affirmative Defense

131.   Plaintiff's damages, if any, which such damages are generally and specifically denied to exist, were the result of the active and affirmative negligent acts or omissions to act of independent third parties and/or entities whose active and affirmative negligence and/or omissions to act resulted in superseding and intervening causes of Plaintiff's alleged damages, which thereby relieves Defendants from liability.  Any damages awarded in this action should therefore be in direct proportion to the fault of Defendants, if any.

### Twenty-First Affirmative Defense

132.   Without admitting any truth to the allegations contained in the Complaint, any use by Defendants of Plaintiff's trademarks were in good faith, non-trademark, descriptive or functional use.

### Twenty-Second Affirmative Defense

133.   Defendants allege that Plaintiff has failed to take necessary steps to mitigate the damages it allegedly suffered, which Defendants expressly deny.

### Twenty-Third Affirmative Defense

134.   Defendants allege that Plaintiff's trademarks alleged in the Complaint are common, non-distinctive and lacks secondary meaning.

### Twenty-Fourth Affirmative Defense

135.   Defendants allege that Plaintiff's trademarks alleged in the Complaint are functional and not protectable.

### Twenty-Fifth Affirmative Defense

136.   Defendants allege that Plaintiff's claim for false advertising is barred by the prior substantiation doctrine.

### Twenty-Sixth Affirmative Defense

137.   Defendants allege that Plaintiff's claim for false advertising is barred by the fact that the alleged deceptive statement were such that no reasonable person in Plaintiff's position could have reasonably relied or misunderstood Defendants' statements for claims of fact.

### Twenty-Seventh Affirmative Defense

138.   Defendants allege that Plaintiff's claim for tortious interference with economic relations is barred because Defendants acted to protect their legitimate financial interests.

### Twenty-Eighth Affirmative Defense

139.   Plaintiff's claim of dilution is barred, in whole or in part, because Plaintiff's selling power and asserted trademark value has not been diluted.

### Twenty-Ninth Affirmative Defense

140.   Plaintiff's claim of dilution is barred, in whole or in part, because Plaintiff's asserted trademarks are not famous.

### Additional Affirmative Defenses

141.   Defendants may have additional defenses that cannot be articulated due to (1) Plaintiff's failure to particularize or plead with specificity its claims and purported damages and/or (2) Defendants ongoing discovery and investigative efforts, which have not been completed as of the time of this Answer.  Defendants, therefore, reserves the right to assert additional defenses upon further discovery of Plaintiff's claims, and the basis, therefore, if any, and upon the development of any other pertinent information.

## **PRAYER FOR RELIEF**

WHEREFORE, Defendants Headquarters Beauty Supplies, Inc. and Shaleen M. Diep pray for the following relief:

1.     That Plaintiff take nothing by its Complaint;

2.     That Defendants be dismissed from this action with prejudice;

3.     For their costs of suit herein; and

4.     For such other and further relief as the Court may deem just and proper.

DATED:  February 20, 2020        GRANT, GENOVESE & BARATTA, LLP


By: _____
    JAMES M. BARATTA
    JASON S. ROBERTS
    AMANDA C. LEWIS
    Attorneys for Defendants, HEADQUARTERS
    BEAUTY SUPPLIES, INC. and SHALEEN M.
    DIEP

ANSWER TO COMPLAINT

1

## **DEMAND FOR JURY TRIAL**

2      Defendants Headquarters Beauty Supplies, Inc. and Shaleen M. Diep hereby

3   demand a trial by jury of all issues triable to a jury in this matter.

4

5   DATED:  February 20, 2020          GRANT, GENOVESE & BARATTA, LLP

6

7                                      By: _____

8                                          JAMES M. BARATTA

9                                          JASON S. ROBERTS
                                           AMANDA C. LEWIS
10                                         Attorneys for Defendants, HEADQUARTERS
                                           BEAUTY SUPPLIES, INC. and SHALEEN M.
11                                         DIEP

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ANSWER TO COMPLAINT

**PROOF OF SERVICE**

STATE OF CALIFORNIA, COUNTY OF ORANGE

I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action; my business address is 2030 Main Street, Suite 1600, Irvine CA 92614.

On February 20, 2020, I served the foregoing document described as **"DEFENDANTS HEADQUARTERS BEAUTY SUPPLIES, INC. AND SHALEEN M. DIEP'S ANSWER TO PLAINTIFF'S COMPLAINT; DEMAND FOR JURY TRIAL"** in the manner indicated below on the person(s) listed on the attached service list:

**[ X ]** BY ELECTRONIC MAIL   On this date, I filed the above referenced document(s) via the United States District Court, Central District of California electronic filing system and all attorneys who have appeared in this matter that have registered for electronic service will be served in that manner.

**[ ]** BY MAIL To the following participants by causing a true copy thereof to be placed in a sealed envelope with postage thereon fully prepaid to be placed in the United States mail in Irvine, California addressed as indicated herein below. I am readily familiar with Grant, Genovese & Baratta, LLP's practice of collection and processing correspondence for mailing. It is deposited with the United States Postal Service on that same day in the ordinary course of business.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct, and that this declaration was executed on February 20, 2020, at Irvine, California.

Sarah J. Greene

1  USDC – CD
2  2:19-cv-10803-MWF-GJS

3  **SERVICE LIST**

4  Dariush G. Adli,
5  Alyssa Dillard
6  ADLI LAW GROUP, PC
   444 South Flower St., Suite 3100
7  Los Angeles, California 90071
   Telephone: (213) 623-6546
8  Email: adli@adlilaw.com
9        alyssa.dillard@adlilaw.com
10 *Attorney for Plaintiff A.C.T. 898 PRODUCTS, INC.*

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28